IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| REUBEL ADVENTURES, INC., d/b/a AERIES COTTAGES,<br><br>Plaintiff,<br><br>v.<br><br>PHILADELPHIA INSURANCE CO.,<br><br>Defendant. | Case No. 21-CV-00454-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter comes before the Court for consideration of Defendant Philadelphia Insurance Company's Motion to Dismiss (Doc. 9). Having been fully informed of the issues presented, this Court grants the Motion to Dismiss.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Reubel Adventures, Inc. is a business in Jersey County, Illinois (Doc. 1-2, p. 5). Reubel filed a two-count Complaint for breach of contract and bad faith against Philadelphia to recover for business income losses caused by the Governor of the State of Illinois' shutdown order relating to the COVID-19 pandemic (*Id.* at pp. 5-9). The Complaint includes the policy as an attachment (Docs. 1-2, 1-3). There are a few relevant parts of the policy in relation to this case. The policy reads "[c]overage is extended to include the actual loss of Business Income you sustain, and necessary Extra Expense you incur when your covered building or Business Personal Property listed in the Declarations is damaged by a Covered Cause of Loss" (Doc. 1-3, p. 31). "Covered Cause of Loss" is defined as "direct physical loss to Covered Property except

those Causes of Loss listed in the Exclusions" (*Id.* at p. 35). "Business Income means net income (net profit or loss before income taxes) that would have been earned or incurred during the Period of Restoration that you would not have incurred if there had been no direct physical loss or damage to property caused by or resulting from a Covered Cause of Loss" (*Id.* at p. 32). "Extra Expense means necessary expenses you incur during the Period of Restoration that you would not have incurred if there had been no direct physical loss or damage to property caused by or resulting from a Covered Cause of Loss" (*Id.*). "Period of Restoration means the period of time that . . . [b]egins with the date of physical loss or damage caused by or resulting from any Covered Cause of Loss, and . . . [e]nds on the date when the property should be repaired, rebuilt or replaced with reasonable speed and similar quality" (*Id.* at p. 33).

The policy also includes Civil Authority Coverage provision and a Virus Exclusion provision. The Civil Authority Coverage provisioon covers payment for:

> the actual loss of Business Income [] sustain[ed], and necessary Extra Expense [] incur[ed] that is caused by action of civil authority that prohibits access to the described premises due to direct physical loss of or damage to property, other than at the described premises, caused by or resulting from any Covered Cause of Loss.

(Doc. 1-3, p. 127). The Virus Exclusion provision states that coverage is excluded for "loss or damage caused by or resulting from any virus, bacterium or other microorganism that induces or is capable of inducing physical distress, illness or disease" (Doc. 1-2, p. 26).

### APPLICABLE LAW AND LEGAL STANDARDS

In analyzing a motion to dismiss for failure to state a claim filed pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court must determine whether or not

the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court of Appeals for the Seventh Circuit has explained that "'Plausibility' is not a synonymy for 'probability' in this context, but [plausibility] "asks for more than a sheer possibility that a defendant has acted unlawfully." *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015) (quoting *Olson v. Champaign Cty.*, 784 F.3d 1093, 1099 (7th Cir. 2015)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . [f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

District courts are required by the Court of Appeals for the Seventh Circuit to review the facts and arguments in Rule 12(b)(6) motions "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074,1081 (7th Cir. 2008). "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990).

## ANALYSIS

The Court applies Illinois law because that is where the suit was filed and because both parties have applied Illinois law. *See Ryerson Inc. v. Federal Ins. Co.*, 676 F.3d 610, 611-12 (7th Cir. 2012). The interpretation of an insurance policy is a question of law. *Netherlands Ins. Co. v. Phusion Projects, Inc.*, 737 F.3d 1174, 1177 (7th Cir. 2013). An insurance policy is to be construed as a whole and requires the court to give effect to

all provisions. *Sandy Point Dental, P.C. v. Cincinnati Ins. Co.*, 21-1186, 2021 WL 5833525, at *3 (7th Cir. Dec. 9, 2021) (quoting *Valley Forge Ins. Co. v. Swiderski Elecs., Inc.*, 223 Ill.2d 352, 362 (2006)). "If the words used in the policy are clear and unambiguous, they must be given their plain, ordinary, and popular meaning." *Id.* (quoting *Cent. Ill. Light Co. v. Home Ins. Co.*, 213 Ill.2d 141, 153 (2004)). "A policy provision is not rendered ambiguous simply because the parties disagree as to its meaning." *Id.* (quoting *Founders Ins. Co. v. Munoz*, 237 Ill.2d 424, 433 (2010)).

In the case at hand, the dispute between the parties centers on the inclusivity of the phrase "direct physical loss of or damage to property." Reubel asserts that because its business was shut down by order of the Governor, it incurred a direct physical loss and should be afforded coverage under the policy. Reubel maintains that that physical loss and physical damage are distinct. Philadelphia argues that "direct physical loss of or damage to" requires some form of tangible loss or physical impact to the structure of Reubel's property. Philadelphia further reasons that the requirement of a "period of restoration" confirms that the damage or loss must be of a nature that the property can be repaired, rebuilt, or replaced.

The Seventh Circuit recently handed down three cases interpreting the language from insurance policies in relation to shut down orders. The most on the nose case held that the term "direct physical loss of or damage to" property does not apply to a business's loss of use of the property without any physical alteration. *See Bradley Hotel Corp. v. Aspen Specialty Ins. Co.*, No. 21-1173, 2021 WL 5833486, at *1 (7th Cir. Dec. 9, 2021) (citing *Sandy Point Dental, P.C. v. Cincinnati Insurance Co.*, No. 21-1186, 2021 WL 5833525 (7th Cir. Dec. 9, 2021)). Similarly, here, Reubel does

not allege any physical damage that would satisfy the requirement of "physical loss or damage" and thus trigger coverage under the provisions of the Policy. Reubel's Civil Authority provision argument falls short for the same reasons. That provision includes the phrases "direct physical loss of or damage to property" and "Covered Cause of Loss" that are lynchpin of the inclusivity analysis previously addressed. Furthermore, even if any of these provisions applied, the policy's Virus Exclusion provision defeats coverage. *See Mashallah, Inc. v. W. Bend Mut. Ins. Co.*, 2021 WL 5833488, at *4 (7th Cir. Dec. 9, 2021) (There is no honest debate that the virus was the reason the shutdown order was promulgated, and the court properly concluded that the virus, in the exclusions' language, resulted in the alleged losses and expenses).

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant Philadelphia Insurance Company's Motion to Dismiss (Doc. 9). Plaintiff Reubel Adventures, Inc.'s Complaint is **DISMISSED with prejudice** due to futility. The Court **DIRECTS** the Clerk of Court to close the case on the Court's docket.

**IT IS SO ORDERED.**

DATED:   December 20, 2021

s/ *Stephen P. McGlynn*
STEPHEN P. McGLYNN
**U.S. District Judge**
